NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 30 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARLA ILIANA MEJIA-MORALES; E.R.P.M., | No. 21-70778 |
| Petitioners, | Agency Nos. A209 479 935; A209 479 936 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 30, 2025[**]
Pasadena, California

Before: WARDLAW and W. FLETCHER, Circuit Judges, and KENNELLY, District Judge.[***]

Karla Iliana Mejia-Morales and her minor daughter, E.R.P.M., natives and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Petitioners' unopposed motion to submit the case is denied as moot. Dkt. 26.

[***] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

21-70778

citizens of El Salvador, petition for review of a decision by the Board of Immigration Appeals ("BIA") affirming an order of an Immigration Judge ("IJ") denying Mejia Morales's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA summarily adopts the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as if it were the BIA's decision." *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (citation omitted). "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.*

1.      Substantial evidence supports the IJ's determination that Mejia-Morales did not establish that she suffered past persecution. Mejia-Morales credibly testified that her two prior romantic partners were murdered by gang members, but she was never directly harmed or threatened by anyone. While she testified that she believes she was followed by gang members, her experiences do not rise to the "extreme" level of persecution. *Id.* (citation omitted).

2.      Substantial evidence also supports the IJ's determination that Mejia-Morales failed to establish a well-founded fear of future persecution in El

2

Salvador. Because Mejia-Morales failed to establish past persecution, there is no presumption of future persecution. *See id.* at 1029. While Mejia-Morales's fear of persecution is "subjectively genuine," substantial evidence supports the conclusion that she does not have an "objectively reasonable" fear that she will suffer harm rising to the level of persecution. *Wakkary v. Holder*, 558 F.3d 1049, 1052 (9th Cir. 2009) (citation omitted).

3.      Substantial evidence also supports the IJ's conclusion that Mejia-Morales failed to establish that she would be persecuted on account of her membership in a particular social group.[1] The IJ concluded that Mejia-Morales's membership in a PSG was not "one central reason for any of the feared or experienced harm" because "gang members harmed [her] partners as part of extortion attempts." The record does not compel a contrary conclusion. *See Kaur v. Wilkinson*, 986 F.3d 1216, 1226 (9th Cir. 2021) ("[W]hether a petitioner has been persecuted 'on account of' a protected ground" is a function of "the persecutor's motive, not the victim's perspective."). Moreover, Mejia-Morales conceded that her family members, including her youngest daughter, remained in El Salvador and have not been harmed by gang members.

---

[1] Mejia-Morales offered two proposed social groups ("PSG") to the IJ: (i) "Salvadoran members of a family targeted by gangs, fleeing threats and revenge for reporting a crime," and (ii) family. The IJ assumed that each PSG was cognizable, and the Government did not dispute that assumption in briefing.

4. Substantial evidence supports the IJ's holding that Mejia-Morales's claim for withholding of removal fails because she did not establish that she is more likely than not to suffer persecution if removed to El Salvador, *Duran-Rodriguez*, 918 F.3d at 1029, or that her membership in either PSG is "a reason for future persecution," *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023) (internal quotations and citation omitted).

5. Substantial evidence also supports the IJ's holding the Mejia-Morales was not entitled to relief under CAT. Because Mejia-Morales has not shown that she is likely to suffer harm rising to the level of persecution, she necessarily has not shown that she is likely to suffer harm rising to the level of torture. *See Sharma v. Garland,* 9 F.4th 1052, 1067 (9th Cir. 2021) (holding that "[b]ecause the BIA could reasonably conclude that Sharma's past harm did not rise to the level of persecution, it necessarily falls short of the definition of torture" and "Sharma has not shown an objectively reasonable fear of future torture"). Nor does the record compel the conclusion that she would be subjected to torture with the "consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

**PETITION DENIED.**[2]

---

[2] Mejia-Morales's Motion for Stay of Removal is denied as moot. Dkt. 1. The temporary stay will dissolve when the mandate issues. Dkt. 12.